IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                            No. CV 13-0770 JP/GBW
                                                                 CR 07-1333 JP

ALONZO WILLIAMSON,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter comes before the Court, *sua sponte* under rules 4 and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion To Vacate, Set Aside Or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255 (CV Doc. 4; CR Doc. 76) filed on August 19, 2013. Also before the Court is Defendant's Declaration in Support of Request to Proceed in Forma Pauperis ("IFP") (CV Doc. 3; CR Doc. 78). Defendant has previously been found indigent (CR Doc. 10), and the IFP motion is moot. The Court will dismiss the § 2255 motion as untimely.

Defendant's § 2255 motion faces the hurdle of the one-year limitations period in § 2255. *See* § 2255(f). On March 5, 2009, the Court of Appeals for the Tenth Circuit affirmed Defendant's conviction and sentence (CR Doc. 75). Defendant did not seek certiorari review, and thus the conviction became final ninety days later in early June, 2009. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Defendant filed the current motion approximately four years after his conviction became final.

Typically, the Court raises the time bar to a § 2255 motion *sua sponte* and allows the

defendant an opportunity to respond. Here, however, Defendant's motion expressly argues the timeliness issue at some length, based on the terms of § 2255(f)(3). This subsection starts a new one-year limitations period where a Supreme Court decision--issued after a defendant's conviction--initially and retroactively recognizes a right that the defendant asserts under § 2255. Defendant asserts that the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), recognized his claim of unconstitutional minimum sentence as a new right. He argues that, under the terms of § 2255(f)(3), *Alleyne* re-started the one-year limitations period in § 2255. As a result, the limitations period for his motion accrued when the Court decided *Alleyne* on June 17, 2013.

Defendant's timeliness argument fails, however, on the second requirement in § 2255(f)(3). The statute restarts the limitation period only if the new right is "retroactively applicable to cases on collateral review." § 2255(f)(3). Because the Supreme Court has not made its decision in *Alleyne* retroactive, *see Simpson v. United States*, 721 F.3d 875, ---, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013) (ruling that *Alleyne* establishes a new rule regarding mandatory minimum sentences but does not apply retroactively); *and see United States v. Ailsworth*, Nos. 13-4081-SAC, 94-40017-01- SAC, 2013 WL 4011072, at *1-*2 (D. Kan. Aug. 6, 2013), Defendant did not gain additional time to file his § 2255 motion. Defendant's claims under § 2255 are subject to the original limitations period that accrued when his conviction became final in 2009. He did not assert his claims timely, and the Court will dismiss the § 2255 motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Declaration in Support of Request to Proceed in Forma Pauperis ("IFP") (CV Doc. 3; CR Doc. 78) is DENIED as moot;

IT IS FURTHER ORDERED that Defendant's Motion To Vacate, Set Aside Or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255 (CV Doc. 4; CR Doc. 76) is DISMISSED as untimely filed; a certificate of appealability is DENIED; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE